UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JERONIMO TOLENTINO,

                       Plaintiff,

-against-

THAI SMILE RESTAURANT CORP. (D/B/A TUE THAI FOOD), PRASONG PORNPICHAYANURAK, and SUPHAKIT SAEUE AKA NICK,

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/5/2023_

20 Civ. 8812 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Jeronimo Tolentino, brings this action against Defendants Thai Smile Restaurant Corp. (d/b/a Tue Thai Food), Prasong Pornpichayanurak, and Suphakit Saeue a/k/a Nick, claiming, *inter alia*, unpaid minimum and overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, ("NYLL") § 190 *et seq.*, as well as failure to pay spread of hours under the NYLL. *See* ECF No. 1 ¶ 15. Having reached a settlement (the "Settlement"), ECF No. 55-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 55. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of*

*Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiff with a recovery of $15,000, inclusive of attorney's fees and costs.  Settlement ¶ 3; *see* Letter at 2.  Plaintiff states that the settlement avoids the litigation "burdens[] and expenses of proceeding to trial" and describes the risks associated with proceeding to trial on the many factual and legal disputes between the parties.  Letter at 2.  Further, the parties note that the Settlement "is the result of arms' length bargaining between experienced counsel." *Id.* at 1.  And, there is no evidence that the parties engaged in fraud or collusion.  *See id.*  Lastly, the Settlement does not contain any red-flag provisions like a confidentiality clause or an overly broad release clause.  *See generally* Settlement.

However, the Court cannot evaluate whether the proposed settlement amount is reasonable.  The Court cannot determine Plaintiff's range of possible recovery because Plaintiff provides no supporting declarations or exhibits stating the maximum recovery for his claims or the sufficiency of the amount awarded to him.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (listing information that would enable the court to adequately review the proposed settlement).

Turning to attorney's fees and costs, Plaintiff's counsel seeks attorney's fees and costs equal to $5,000, which is one-third of the settlement proceeds.  *See* Letter at 2–3.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121

(2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this circuit. *See Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel, CSM Legal, P.C., has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 55-2. Based on these records, the lodestar in connection with this matter amounts to $11,125.00, reflecting a total of 30.50 hours expended—5 of which were expended by paralegals. *Id.* CSM Legal has billed at a claimed hourly rate of $450 for attorney Michael Faillace, $400 for attorney William K. Oates, and $125 for an unnamed employee who is presumably a paralegal. Letter at 3; ECF No. 55-2. Other courts have found similar rates to be reasonable, based on these attorneys' years of experience and Faillace's position as the former managing partner of the firm. *See, e.g., Hernandez v. El Azteca y El Guanaco Rest. Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2–3 (S.D.N.Y. Dec. 9, 2021) (finding reasonable rates of $450 for Faillace, $400 for Oates, and $150 for an unnamed paralegal).

The attorney's fees and costs requested, $5,000, amount to a negative multiple of approximately 0.45 of the proffered lodestar. In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount. Courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award

4

of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee."). Thus, given that the attorney's fees represent less than one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **August 4, 2023**, the parties may file a revised letter and settlement agreement consistent with this order.

SO ORDERED.

Dated: July 5, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge