# CSM LEGAL P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                                Facsimile: (212) 317-1620

August 2, 2023

**Via ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    Jeronimo Tolentino v. Thai Smile Restaurant Corp., et al
       Docket No.: 20-cv-08812 (AT)

Your Honor:

Our office represents Plaintiff in the above-referenced matter.[1] I write to respectfully request the Court to approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.,* 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs claims asserted in this case as outlined more specifically in the attached Agreement.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiff respectfully requests the Court to enter an Order approving the Agreement as fair and reasonable.

## I.    Background

Plaintiff filed a Complaint against Defendants alleging claims for unpaid minimum wages, overtime compensation, and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA'), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and

---

[1] Plaintiff apologizes to the Court for submitting the fairness submission beyond the deadline to do so.

applicable regulations. Plaintiff alleges that he is entitled to unpaid minimum wage and overtime compensation in the amount of $180,420.00.

Plaintiff contends that he was employed by Defendants at a Thai restaurant located at 3 Greenwich Avenue, New York, New York 10014 operating under the name "'Tue Thai Food." Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sum.

## II.    **The Proposed Settlement is Fair and Reasonable**

The Parties have agreed to settle this action for the total sum of $15,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid in a lump-sum payment within thirty (30) days after the Court's approval of the Agreement. Under *Lynn's Food,* a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.,* No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot US.A., Inc.,* No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The litigation was hotly contested. The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes amongst the Parties. Towards that end, Defendants produced a voluminous number of records demonstrating, among other things, that Plaintiff (i) did not work the number of hours that he claimed to have worked, (ii) did not earn the wages that he claimed to have earned, (iii) signed receipts for actual wages, and (iv) signed statutory federal and state employment forms. Accordingly, Defendants alleged that, even if Plaintiff succeeded on liability, his damages were much less than what he claimed them to be. Moreover, Defendants have limited financial resources with which to settle Plaintiffs claims or satisfy a judgment, and therefore it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full.

Considering the above-referenced factors, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Finally, the Agreement contains no red-flag provisions such as confidentiality, an overly broad release, or attorney's fees exceeding 40% of the settlement. *Cheeks v. Freeport Pancake House,*

## III.    **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement agreement, Plaintiff's counsel will receive $5,000.00 from the

settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation.

Plaintiff's counsel's lodestar in this case is $11,125.00 and Plaintiffs costs are $400.00. A copy of Plaintiffs billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda* v. *My Belly's Playlist LLC,* No. 15-cv- 01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *McDaniel v. City. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiff, including the effective billable rates which Plaintiff respectfully requests the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees *(see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany,* 493 F. 3d 110 (2d Cir. 2007)):

    i.    Michael Faillace, Esq. was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, P.C., and was in practice from 1983 to November 5, 2021[2] From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment anti-discrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. His work was billed at the rate of $450.00 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450.00, or even $500.00, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See, e.g., Manley v. Midan Rest. Inc.,* No. 14-cv-01369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500.00 per hour for FLSA litigator with 34 years of experience).

    ii.    William K. Oates, was an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. He graduated New York Law School in 1995, and is admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C.

---

[2] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf and an order is entered to that effect.

in December 2020, and C.S.M. Legal, P.C. in November 2021, he was responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court. His work is billed at the rate of $400.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

Plaintiff thanks the Court for its time and consideration of this matter.

Respectfully submitted,


_s/_ Mary Bianco

Mary Bianco, Esq

CSM Legal, P.C.

*Attorneys for Plaintiff*

Attachments

cc:    Paul W. Siegert, Esq. (via ECF)