UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERONIMO TOLENTINO,

                Plaintiff,

-against-

THAI SMILE RESTAURANT CORP. (D/B/A TUE THAI FOOD), PRASONG PORNPICHAYANURAK, and SUPHAKIT SAEUE AKA NICK,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/26/2024_

20 Civ. 8812 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Jeronimo Tolentino, brings this action against Defendants Thai Smile Restaurant Corp. (d/b/a Tue Thai Food), Prasong Pornpichayanurak, and Suphakit Saeue a/k/a Nick, claiming, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law, ("NYLL") § 190 *et seq.*, as well as failure to pay spread of hours wages under the NYLL. *See* ECF No. 1 ¶ 15. After reaching a settlement agreement (the "Settlement"), the parties sought the Court's approval of their proposed agreement. ECF No. 55. The Court denied the parties' motion without prejudice to renewal. *See* Order, ECF No. 60.

Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 61-1, and the parties' renewed motion for settlement approval (the "Second Letter"), ECF No. 61. For the reasons stated below, the motion is GRANTED, and the Revised Settlement is approved.

**DISCUSSION**

    I.    <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers." 29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving

attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

Under the Revised Settlement, Defendants agree to pay $15,000 to resolve Plaintiff's claims, of which Plaintiff will receive $10,000 and his counsel will receive $5,000. Revised Settlement ¶ 3. In the Order, the Court found that it could not "determine Plaintiff's range of possible recovery because Plaintiff provide[d] no supporting declarations or exhibits stating the maximum recovery for his claims or the sufficiency of the amount awarded to him." Order at 3. Plaintiff now submits a chart substantiating his damages claims and estimating that he is owed a total of $180,420 in unpaid wages and overtime pay, $19,176 on his spread-of-hours claims, and equivalent liquidated damages for each set of claims. ECF No. 61-3. Plaintiff also estimates that he is owed $59,366.66 in prejudgment interest and $71,450 in statutory damages for his wage-statement and wage-notice claims. *Id.* According to these calculations, Plaintiff's best-case recovery is $530,008.66. *Id.* His net recovery under the Revised Settlement thus amounts to approximately 1.9 percent of his best-case recovery.

In the Second Letter, the parties explain that the "litigation was hotly contested," and that Defendants "produced a voluminous number of records demonstrating, among other things, that Plaintiff (i) did not work the number of hours that he claimed to have worked, (ii) did not earn the wages that he claimed to have earned, (iii) signed receipts for actual wages, and (iv) signed statutory federal and state employment forms." Second Letter at 2. Moreover, the parties note, "Defendants have limited financial resources with which to settle Plaintiff's claims or satisfy a judgment, and

3

therefore it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full." *Id.* In light of these circumstances, the parties suggest that the settlement amount—while representing a small percentage of Plaintiff's claimed best-case recovery—is nonetheless fair. *Id.*

"[T]he Court is mindful that [Plaintiff's] recovery will be a tiny fraction of [his alleged] potential recovery at trial." *Penafiel v. Rincon Ecuatoriano, Inc.,* No. 15 Civ. 112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015). Still, the other *Wolinsky* factors weigh in favor of finding the Revised Settlement fair and reasonable. First, the parties state that the Revised Settlement resulted from arms-length negotiations between experienced counsel, and that there was no fraud or collusion during the settlement discussions. Second Letter at 1. Second, the parties reached the Revised Settlement after discovery concluded, "meaning that counsel and the parties were well-positioned to value the case and weigh their options." *Penafiel,* 2015 WL 7736551, at *2; *see* ECF No. 40 (status report noting completion of discovery). Third, as the parties explain, Plaintiff faces significant obstacles to establishing his damages claims at trial. And, Plaintiff has "serious concerns about collectability, which [also] 'militates in favor of finding a settlement reasonable.'" *Penafiel,* 2015 WL 7736551, at *2 (quoting *Lliguichuzhca,* 948 F. Supp. 2d at 365). Considering the totality of the circumstances, the Court finds that the proposed settlement amount is fair and reasonable.

The Court also finds that the release contained in the Revised Settlement is appropriately tailored to cover only the parties and claims involved in this action. *See* Revised Settlement ¶ 5. Under the provision, Plaintiff agrees to release

> Defendants from, and with respect to, any and all wage and hour and record-keeping actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that all parties execute this Agreement, in particular the claims raised in the Action under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York State Department of Labor.

4

*Id*.  "While broad, the terms of the release relate specifically to wage and hour issues without encompassing, for example, prospective discrimination claims." *Krasnansky v. JCCA*, No. 22 Civ. 6577, 2023 WL 6141240, at *5 (S.D.N.Y. Sept. 20, 2023) (cleaned up); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.,* No. 20 Civ. 7131, 2021 WL 38264, at *5 (S.D.N.Y. Jan. 5, 2021).  The provision also appropriately "releases only Defendants—and no entities beyond Defendants—from liability." *De La Luz Aguilar v. Tacos Grand Cent., Inc.,* No. 21 Civ. 1963, 2023 WL 7624642, at *2 (S.D.N.Y. Nov. 14, 2023).  The release provision, therefore, does not prevent the Court from approving the Revised Settlement.

Finally, the Court finds that the attorneys' fees and costs contemplated by the Revised Settlement—which are identical to those in the Settlement—are fair and reasonable for the reasons detailed in the Order.  *See* Order at 3–5.

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: January 26, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge